290 So.2d 454 (1974)
MEL-WAY, INC., Plaintiff-Appellee,
v.
John WESLEY "Johnny" Robinson, Defendant-Appellant.
No. 12242.
Court of Appeal of Louisiana, Second Circuit.
February 12, 1974.
*455 Charles W. Robinson, West Monroe, for defendant-appellant.
Hudson, Potts & Bernstein by B. Roy Liuzza, Monroe, for plaintiff-appellee.
Before BOLIN, PRICE and WILLIAMS, JJ.
BOLIN, Judge.
Plaintiff, Mel-Way, Inc., d/b/a Snelling and Snelling, sought and was granted a preliminary injunction, and thereafter a permanent injunction, enjoining defendant, who was previously employed by plaintiff, from engaging in the employment agency business in competition with plaintiff. It was alleged defendant's activities violated a non-competition agreement purportedly signed by the parties at the time defendant had entered plaintiff's employment. From this judgment defendant appeals.
Plaintiff operates an employment agency which, for a fee, provides a service to individuals seeking employment and businesses seeking employees. Plaintiff had `purchased a franchise from Snelling and Snelling, a national employment agency, permitting the former to train for and use various proven methods of successful conduct of such a business under the Snelling name. This business had been in operation for a number of years and the owner-manager contemplated enlarging the scope of the operation by establishing a special pulp and paper division. Because of his acknowledged previous experience, contacts and expertise in the pulp and paper products industry defendant was employed by plaintiff to have charge of the development of this division.
It is alleged that at the inception of defendant's employment with plaintiff on December 11, 1972, the parties signed a printed "Contract of Employment" in which the employee acknowledged that Snelling would expend considerable time, effort, and expense in training the employee in the methods used by Snelling; that the employee would acquire confidential knowledge and information as to Snelling's accounts, customers and business patrons; that the employee would receive such experience that upon leaving Snelling's employ for any reason his engaging alone or in association with others would cause irreparable harm and financial loss to Snelling. For the above reasons the employee agreed that, for eighteen months following termination of his employment for any cause, he would not directly or indirectly, engage in the employment business for himself or in association with any other person or firm engaged in a business similar to Snelling's within a radius of 35 miles of Snelling's office or of any city in which Snelling had an office. Finally, the employee agreed upon termination of his employment he would return to an officer of Snelling all records, papers, etc., pertaining to transactions handled by the employee while employed; that the remedy at law of Snelling for violations of the provisions of the agreement would be inadequate and Snelling would be entitled to injunctive relief against such violations, including the cost of reasonable attorney's fees.
It was defendant's alleged breach of the above contract for which plaintiff sought and was granted the injunction. The injunction prohibits plaintiff "from directly or indirectly engaging in the employment agency business, either alone or in association in any capacity with any other person or firm engaged in a similar business to Snelling and Snelling Employment Agency, within a radius of 35 miles of Monroe, Louisiana, and he is to remain enjoined, restrained and prohibited for a period of eighteen months from April 30, 1973, or until further order of the Court."
On appeal appellant's first contention is that the trial judge committed error in finding the contract, containing the noncompetition clause, was signed by defendant on the day and in the manner which plaintiff has alleged.
*456 Although defendant did not deny his signature appearing on the contract, which was introduced into evidence, nevertheless he urges that, if it is his signature, it was obtained by surreptitious means, amounting to fraud, and that he had no knowledge of signing any contract of employment. He speculated and conjectured many ways in which Williamson, the owner and manager of plaintiff company, could have contrived to disguise the document in order to obtain his signature but the trial judge was convinced otherwise. We agree that appellant failed to carry this burden of proving that he signed the contract without knowledge of its contents as a result of mistake, misrepresentation or ill-practice.
Appellant next contends the restrictive covenant incorporated in the contract of employment is against public policy, illegal and unenforceable by reason of the provisions of Louisiana Revised Statutes 23:921:
"No employer shall require or direct any employee to enter into any contract whereby the employee agrees not to engage in any competing business for himself, or as the employee of another, upon the termination of his contract of employment with such employer, and all such contracts, or provisions thereof containing such agreement shall be null and unenforceable in any court, provided that in those cases where the employer incurs an expense in the training of the employee or incurs an expense in the advertisement of the business that the employer is engaged in, then in that event it shall be permissible for the employer and employee to enter into a voluntary contract and agreement whereby the employee is permitted to agree and bind himself that at the termination of his or her employment that said employee will not enter into the same business that employer is engaged over the same route or in the same territory for a period of two years. As amended Acts 1962, No. 104, §§ 1, 2." (Emphasis supplied)
From 1934, when the first portion of R. S. 23:921 was enacted, until 1962 restrictive covenants in employment contracts of the nature here involved were null and void. However, by Act 104 of 1962 the legislature added the amendment, incorporated as the second part of R.S. 23:921, which provides that an employer and employee may, under certain conditions, enter into voluntary contracts and agreements curtailing the right of an employee to "enter into the same business that employer is engaged." The amended statute now permits an employee to sign an agreement not to compete in those cases where the employer incurs expenses in training the employee or in advertising the business. Duration of such a covenant is limited to two years after termination of employment and is restricted to the same business the employer is engaged in, over the same route or in the same territory.
The record establishes that Robinson had been furnished with an operating manual of Snelling and Snelling, the contents of which were the result of years of experience in the employment business; that defendant attended at least one session where he viewed a training film purchased by plaintiff from the parent organization at a cost of about $1500 for the film series; that he was supervised at frequent intervals by an officer of the company. In addition plaintiff commenced an advertising campaign in newspapers and trade journals of the pulp and paper industry, particularly advertising the employment of Robinson by plaintiff and suggesting that prospective employers should contact defendant for his personal attention.
The trial judge found that in the course of the four and one-half months of defendant's employment plaintiff expended on this type of advertising approximately $1200 and that the contract in this case is valid and enforceable. We agree with this conclusion. See World Wide Health Studios, Inc. v. Desmond (La.App.2d Cir. 1969), 222 So.2d 517, and cases cited therein. See also The Work of the Louisiana *457 Appellate Courts for the 1965-66 Term, 26 La.Law Review 495-497.
It is strenuously urged by appellant that the words "enter into the same business" have been construed to mean that the former employee "will not enter into competition" with the former employer by establishing or operating the same type business as owner or proprietor; but that the proviso was not intended to validate contracts which prohibit the employee from becoming employed by a corporation or company engaged in the same or similar business as that of the employer.
It is not necessary for us to decide whether such a contract would prohibit appellant from being employed by a competing employment agency which was already organized and in which he had no personal interest. That is not the situation here. The evidence is convincing Robinson was not only performing the exact type of work he had performed with Snelling, it further shows the office of Robinson and Robinson Employment Agency was located in a room or building attached to a fabric shop operated by defendant's wife; that his son had formed a partnership with his mother, wife of appellant, neither of whom was shown to have any experience or knowledge of the employment agency business; and that many of the forms and contracts used in the new venture were either identical with the Snelling forms or were modeled after these forms. Additionally, Robinson admitted he had removed from the Snelling files nine letters addressed to him as manager of Snelling's pulp and paper division concerning employment; that he had appropriated them for use in the newly formed Robinson and Robinson agency. Finally, he admits his compensation was to be fifty per cent of all income derived from his endeavors in the employment agency business.
From the foregoing facts we find defendant knowingly signed the agreement not to "engage in the employment agency business" for a period of eighteen months following termination of his employment with plaintiff; that the restrictive covenant or non-competition agreement is valid under the exception in R.S. 23:921 since plaintiff expended considerable sums in training and in advertising defendant's connection with the Snelling firm; and that defendant violated the contract since he has "entered into" or "engaged in" the same business that his former employer is engaged in over the same territory. Additionally, we find the language of the injunction, quoted supra, described "in reasonable detail . . . the act or acts sought to be restrained" and requires no clarification by this court. (La.C.C.P. Art. 3605).
The judgment appealed from is affirmed at defendant's cost.